UNITED STATES of America

v.

**Eduardo Cruz COTTO, Defendant.**

**No. CR 91–692.**

United States District Court, E.D. New York.

June 5, 1992.

Andrew Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. by Mark Wasserman, for U.S.

James Neville, Mass & Rudlin, New York City, for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

Defendant pled guilty to a conspiracy to obstruct commerce. *See* the ineptitude detailed in the companion case of *United States v. Vasquez*, 791 F.Supp. 348 (E.D.N.Y.1992). He moves for an adjustment in offense levels under the Sentencing Guidelines and for a downward departure. For the reasons stated below, the offense level is adjusted down and an additional downward departure is granted.

Defendant's intelligence is borderline. He has an I.Q. of 71. The prison doctor concluded that he "is seriously handicapped intellectually, with a[n I.Q.] ... just slightly above the Defective level ... and weighing down his functioning ... are a poor school achievement experience and certain emotional factors."

Although he was competent to plead guilty, the defendant, as observed by the court in repeated appearances, reveals a dull mien, general slackness, and extreme passivity. These characteristics make it unlikely that he could resist attacks of predatory fellow inmates during a long prison term. The nature of the crime and the details of its execution reflect defendant's general incompetence.

Until recently, defendant had a serious drug problem. He began smoking marijuana at age 17, and began to use cocaine and heroin by injection at age 20. From 1986 until his arrest in June 1991, he had been injecting heroin daily. In fact, it was defendant's supplier who suggested that he participate in the robbery to earn money for the purchase of drugs.

Defendant has made substantial efforts at rehabilitation. He is presently in a methadone program at the federal correctional facility. A doctor at the institution who

examined him in January 1992 concluded that defendant is now fully aware of his drug problems and has "expressed a great deal of desire to continue his [rehabilitation] program."

■ Under the Guidelines, the base offense level for a Hobbs Act robbery is 20. As indicated in *United States v. Vasquez*, 791 F.Supp. 348 (E.D.N.Y.1992), no increase in offense levels is warranted for a "loss" of more than $5,000,000, Guideline § 2B3.1(b)(6)(H), even though the defendant hoped to steal that much, nor for intending to take the property of a financial institution, Guideline § 2B3.1(b)(1), because there was no proof that the armored van he intended to help hijack contained bank funds. *See Vasquez*, 791 F.Supp. at 351, 353. An increase of three levels is warranted since the conspirators possessed a dangerous weapon during the conspiracy. *See Vasquez*, 791 F.Supp. at 351.

■ Defendant is granted a reduction of two levels for acceptance of responsibility. He freely admitted his role in the offense. *See* Guideline § 3E1.1(a).

A further two-level reduction is warranted since he was a relatively minor, though not a minimal, participant in the offense. *See* Guideline § 3B1.2(b); *United States v. Parker*, 903 F.2d 91, 103–04 (2d Cir.) (defendant a minor, not a minimal, participant in crime), *cert. denied*, —— U.S. ——, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990). Defendant was asleep in the automobile proceeding to the robbery site when the conspirators were arrested; he had to be awakened to be read his *Miranda* rights. *See Vasquez*, 791 F.Supp. at 350. He was among the least culpable of the conspirators involved, never fully understanding the nature of the enterprise.

These calculations and adjustments lead to a base offense level of 19. In combination with defendant's criminal history category III a Guideline range of 37 to 46 months results.

■ District courts have substantial discretion in deciding whether to depart from the Guideline range. *See United States v. Sturgis*, 869 F.2d 54, 57 (2d Cir.1989);

*United States v. Correa–Vargas*, 860 F.2d 35, 40 (2d Cir.1988). A downward departure from that range is required since several characteristics, in combination, were not adequately taken into account by the Sentencing Commission in formulating the Guidelines. 18 U.S.C. § 3553(b).

■ Although mental conditions are not ordinarily relevant in deciding whether a downward departure is warranted, *see* Guideline § 5H1.3, the Sentencing Commission explicitly considered the problem of diminished capacity in Guideline § 5K2.13. It provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

A court may take into account mental conditions in granting a motion to depart downward. *See United States v. Perkins*, 963 F.2d 1523, 1527 (D.C.Cir.1992) (remanding for district court to consider defendant's diminished mental capacity for purposes of downward departure); *United States v. Glick*, 946 F.2d 335, 339 (4th Cir.1991) (approving departure); *cf. United States v. Jagmohan*, 909 F.2d 61, 65 (2d Cir.1990) (recognizing defendant's general lack of sophistication as basis for downward departure).

The government argues that Guideline § 5K2.13 does not apply because the offense was not "non-violent." A "crime of violence" is defined as

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... has as an element [of the offense] the use, attempted use, or threatened use of physical force against the person of another....

Guideline § 4B1.2. Application Note 2 to that Guideline provides that a "crime of violence" includes inchoate offenses, such as conspiracy. Defendant pled guilty to a

conspiracy to rob an armored van by force or threat of violence. The conspirators also possessed a dangerous weapon during part of the conspiracy.

■ In the instant case, there was never any real possibility that the offense would be successful. *See Vasquez,* 791 F.Supp. at 349, 350, 353. Under such special circumstances, the crime can be considered "non-violent." Guideline § 5K2.13 would then apply and a downward departure would be warranted. Even if Guideline § 5K2.13 does not apply, however, a downward departure would still be required because of a combination of circumstances.

■ If the Sentencing Commission did not adequately consider the constellation of characteristics present in the individual case, downward departures are proper. As the Ninth Circuit wrote in *United States v. Cook,* 938 F.2d 149 (9th Cir.1991):

> Given the Sentencing Commission's acknowledgment of "the vast range of human conduct" not encompassed by the Guidelines, *a unique combination* of factors may constitute the "circumstance" that *mitigates.*

*Id.* at 153 (quoting 18 U.S.C. § 3552(b) (emphasis added)); *see also United States v. Glick,* 946 F.2d 335, 339–40 (4th Cir.1991) (district court had based downward departure on combination of two factors); *United States v. Rodriguez,* 724 F.Supp. 1118 (S.D.N.Y.1989) (court considers various personal characteristics of defendant in determining propriety of downward departure).

■ Rehabilitation efforts may also be given weight in determining whether a downward departure is warranted. *See United States v. Williams,* 948 F.2d 706, 711 n. 7 (11th Cir.1991) (dicta) ("unusual" pre-sentence recovery from drug addiction could be a proper basis for downward departure); *United States v. Sklar,* 920 F.2d 107 (1st Cir.1990) (district court may take drug recovery into account in "extraordinary" cases); *United States v. Maddalena,* 893 F.2d 815, 817–18 (6th Cir.1989) (remand so that district court could consider pre-arrest drug recovery); *United States v. Rodriguez,* 724 F.Supp. 1118, 1119 (S.D.N.Y.1989) (overcoming drug addiction

"no mean accomplishment"); *cf.* Guideline § 5H1.4. *But see United States v. Anders,* 956 F.2d 907, 911 (9th Cir.1992) (error for district court to consider drug rehabilitation efforts); *United States v. Pharr,* 916 F.2d 129, 132–33 (3d Cir.1990) (downward departure for recovery not allowed), *cert. denied,* — U.S. —, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991); *United States v. Van Dyke,* 895 F.2d 984, 987 (4th Cir.) (participation in court-ordered drug treatment not mitigating circumstance warranting departure), *cert. denied,* — U.S. —, 111 S.Ct. 112, 112 L.Ed.2d 82 (1990).

■ In the instant case, in combination, the defendant's near retardation, his vulnerability, his efforts at rehabilitation, and the incompetence reflected in the execution of the crime warrant a downward departure.

Determining the amount of the departure requires considerable exercise of discretion and judgment. *United States v. Campbell,* 967 F.2d 20, 26 (2d Cir.1992) (focus on the "reasonableness of the departure" rather than its mechanics); *United States v. Johnson,* 964 F.2d 124, 125 (2nd Cir.1992) ("Guidelines do not require a judge to leave ... common sense at the door to the courtroom.").

Prior contacts of the court with defendants with drug habits suggest that 24 months of drug treatment during incarceration is enough to provide whatever rehabilitation will take place. Beyond this period, regression is likely. A four-level downward departure to take account of the defendant's special circumstances suffices. It permits a sentence of 24 months. Defendant will be a less serious hazard to the community and is less likely to return to his criminal ways if he continues his efforts at rehabilitation in prison for no more than two years. He also will be less likely to be preyed upon. *See United States v. Gonzalez,* 945 F.2d 525 (2d Cir.1991) (affirming downward departure on grounds of vulnerability of defendant in prison).

The defendant is sentenced to 24 months in prison. He is directed to continue his

drug treatment while incarcerated and during the period of supervised release of 3 years. A $50 assessment is imposed.

SO ORDERED.