**UNITED STATES of America, Appellee,**

v.

**Todd Edward MATTHEWS, Appellant.**

**Nos. 92–3193, 93–3887.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 24, 1994.

Decided July 14, 1994.

---

**463**

Gerald T. Zerkin, Richmond, VA (Gerald T. Zerkin and Liesl D. Wilke, on the brief), for appellant.

Steven N. Snyder, Fort Smith, AR (P.K. Holmes, III, and Steven N. Snyder, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and KOPF,* District Judge.

WOLLMAN, Circuit Judge.

This is an appeal from the sentence imposed following our remand for resentencing. *See United States v. Matthews*, 5 F.3d 1161 (8th Cir.1993) (*Matthews I*).

Our remand directed the district court to consider additional evidence regarding the weight of the crack cocaine that was attributable to Matthews, to reconsider Matthews' claim that he was entitled to a two-level reduction for acceptance of responsibility, and to determine whether the government had established a nexus between the weapon Matthews possessed and the drug offense on which he had been convicted.

On remand, the government conceded that there was no basis for enhancement under section 2D1.1(b)(1) of the Sentencing Guidelines for possession of the weapon, and the district court[1] entered a corresponding reduction in the offense level. The district court also awarded Matthews a two-level decrease in his offense level for acceptance of responsibility.

The government conceded that the average weight of a rock of cocaine was .1 gram, making the introduction of any additional evidence on that issue unnecessary.

The district court then recalculated the weight of cocaine attributable to the offense of conviction at less than two grams, resulting in a base offense level of 18 and a sentencing range of 27 to 33 months. The district court went on to find, by clear and convincing evidence, that the weight of cocaine attributable to Matthews for the purposes of relevant conduct exceeded 1.5 kilograms. After making the necessary adjustments to reflect the elimination of the weapon enhancement factor, the acceptance of responsibility reduction, and the enhancement for Matthews' leadership role, the offense level on the drug charge stood at 40. The adjusted offense level on the money laundering charge was 22. Given Matthews' criminal history score of I, the guideline range on the drug charge was 292 to 365 months, and from 41 to 51 months on the money laundering charge. After grouping the offenses under the provisions of section 3D1.2(d) of the Guidelines, the district court imposed a sentence of 291 months.

In making its findings, the district court, noting the fact that the relevant conduct chargeable to Matthews by the Guidelines resulted in a many-fold (approximately a nine-fold, according to Matthews) increase in the sentence, reviewed the evidence regarding the crack cocaine attributable to Matthews under the clear and convincing standard of proof. Likewise, the district court carefully weighed the evidence in the light of Matthews' Confrontation Clause argument and determined that the evidence, after giving Matthews the benefit of every doubt, supported a finding that the amount of cocaine chargeable to Matthews exceeded 1.5 kilograms in weight.

On appeal, Matthews contends that the testimony relied upon by the district court did not satisfy the requirements of the Confrontation Clause and that the district court's

---

* The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

findings regarding drug quantities are clearly erroneous.

■ To the extent that our opinion in *Matthews I* did not resolve all of the Confrontation Clause arguments that Matthews raises in the present appeal, we conclude that the district court's analysis and findings regarding the challenged testimony satisfy the requirements we outlined in *United States v. Wise*, 976 F.2d 393 (8th Cir.) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1992). The district court carefully analyzed the testimony given in open court and found, under a clear and convincing standard of proof, that the testimony was sufficiently reliable to support the finding that Matthews was chargeable with at least 1.5 kilograms of cocaine. Accordingly, we reject Matthews' Confrontation Clause challenge to this evidence.

■ Likewise, we reject Matthews' challenge to the findings based on this evidence. Assuming, without deciding, that this case is one in which the relevant conduct attributable to the defendant became the "tail which [wagged] the dog of the substantive offense," *see McMillan v. Pennsylvania,* 477 U.S. 79, 88, 106 S.Ct. 2411, 2417, 91 L.Ed.2d 67 (1986); *cf. United States v. Coleman,* 990 F.2d 419, 421 (8th Cir.1993); *United States v. Galloway,* 976 F.2d 414, 425 (8th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993); *United States v. Townley,* 929 F.2d 365, 369 (8th Cir.1991), the district court's use of a clear and convincing standard of proof satisfies any challenge that Matthews may raise to the sentencing enhancement resulting from the application of the relevant conduct provisions of the Guidelines. As the transcript of the resentencing makes clear, the district court carefully and conscientiously reviewed the evidence presented at the original sentencing hearing. We are satisfied that the district court's findings regarding the quantity of drugs attributable to Matthews are not clearly erroneous.

The sentence is affirmed.