UNITED STATES of America, Appellee,

v.

Vincent GIGANTE, also known as "Chin"; Vittorio Amuso, also known as Jesse, also known as Vic; Anthony Casso, also known as Gas, also known as Gaspipe; Peter Gotti; Dominic Canterino, also known as Baldy Dom; Peter Chiodo; Joseph Zito; Caesar Gurino; Vincent Ricciardo, also known as Three Fingers; Joseph Marion, also known as Joe Cakes; John Morrissey, also known as Sonny Blue, also known as Sonny; Thomas McGowan; Victor Sobolewski;

Anthony B. Laino; Gerald Costabile; Andre Campanella; Michael Realmuto; George Zappola; Richard Pagliarulo; Michael Desantis; Michael Spinelli; Thomas Carew; and Corrado Marino, Defendants,

Benedetto Aloi, also known as Benny; Dennis Delucia; and Venero Mangano, also known as Benny Eggs, Defendants–Appellants.

Nos. 381, 382 and 383,
Dockets 93–1260(L), 93–1277 and 93–1278.

United States Court of Appeals,
Second Circuit.

Filed Nov. 23, 1994.

Decided Aug. 26, 1996.

Judd Burstein, Marc Fernich, Judd Burstein, P.C., New York City, for Defendant–Appellant Benedetto Aloi.

Frederick P. Hafetz, Susan R. Necheles, Goldman & Hafetz, New York City, for Defendant–Appellant Venero Mangano.

Before: VAN GRAAFEILAND and WINTER, Circuit Judges, and POLLACK, District Judge.*

WINTER, Circuit Judge:

The petition for rehearing in this matter has previously been denied by the panel. Further proceedings concerning the suggestion for rehearing in banc have caused the panel to reconsider the petition for rehearing. The petition is once again denied [1], but subsection (1) of the previous opinion is vacated and the following is substituted:

## DISCUSSION

1. *The Upward Adjustments and Departures*

Mangano and Aloi argue that the district court erred in adjusting upward the base offense levels and departing substantially upward from the Guidelines' suggested sentencing range based on conduct for which they had not been convicted. To support this argument they invoke the Supreme Court's suggestion of undefined "constitutional limits" on the extent a state's sentencing framework may entail upward departures based on unconvicted conduct lest that become "the tail which wags the dog of the substantive offense." *McMillan v. Pennsylvania*, 477 U.S. 79, 88, 106 S.Ct. 2411, 2417, 91 L.Ed.2d 67 (1986). Mangano and Aloi rely upon our decision in *United States v. Concepcion*, 983 F.2d 369 (2d Cir.1992), *cert. denied*, 510 U.S. 856, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993), in challenging both the practice of departing upward based on uncharged or acquitted conduct and the standard of proof used by the district court in assessing that conduct for sentencing.

Mangano and Aloi contend that the district court improperly required proof of the unconvicted conduct by a mere preponderance of the evidence rather than by clear and convincing evidence. They rely on a statement in a separate opinion in *Concepcion* that, "a strong argument can be made that the 'clear and convincing evidence' standard

should be used, at least for substantial enhancements." *Id.* at 394 (Newman, J., concurring). They further echo Chief Judge Newman's request for a review of this issue by the full court of this circuit. *Id.* at 395–96 (Newman, J., dissenting from denial of rehearing in banc).

■ As noted in both the opinion of the court and Chief Judge Newman's opinion in *Concepcion*, proof of unconvicted conduct by a preponderance of the evidence is a sufficient threshold basis for an upward departure. *Id.* at 390, 394. *Concepcion*, however, did not rely upon the preponderance standard because the district court had established the relevant conduct by clear and convincing evidence. *Id.* at 390. In the instant matter, Judge Dearie stated that he had "concluded that the credible evidence before the Court, in a variety of forms and formats, has established by at least a preponderance of the evidence that defendants Mangano and Aloi were members of a conspiracy to murder witnesses. . . ." Judge Dearie correctly understood the law of this circuit to be that unconvicted conduct may be relied upon to adjust a defendant's sentence level as contemplated by the Guidelines based on proof by a preponderance of the evidence. *United States v. Rodriguez–Gonzalez*, 899 F.2d 177, 182 (2d Cir.), *cert. denied*, 498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); *United States v. Weinberg*, 852 F.2d 681, 685 (2d Cir.1988).

In arguing that the extent of the departure was erroneous, Mangano and Aloi contrast the 27 to 33–month sentences indicated by the base offense level of 18 with Mangano's actual sentence of 188 months and Aloi's sentence of 200 months. They contend that this increase, based in part on acquitted conduct, violated their rights to due process under the Fifth Amendment.

Appellants' argument is not without force. The preponderance standard is no more than a tie-breaker dictating that when the evidence on an issue is evenly balanced, the party with the burden of proof loses. *See*

---

* The Hon. Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

1. Judge Pollack concurs in the denial of rehearing with opinion. Judge Van Graafeiland dissents.

*United States v. Fatico,* 458 F.Supp. 388, 403 (E.D.N.Y.1978), *aff'd,* 603 F.2d 1053 (2d Cir. 1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980) ("Quantified, the preponderance standard would be 50+% probable."); *see also Nissho–Iwai Co. v. M/T Stolt Lion,* 719 F.2d 34, 38 (2d Cir.1983); Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 73.01 at 73–6 (1993). Consequently, the danger of factual error would permeate a substantial upward departure based on a finding of, say, six uncharged crimes, each of which was proven only by a bare preponderance. *See* Edwin Mansfield, Statistics for Business and Economics 102 (5th ed.1994). Appellants' constitutional argument is that the lowest standard of proof should not serve as the basis for finding facts that then serve to increase sentences through adjustments or departures by substantial amounts, particularly when the conduct is uncharged or has previously resulted in an acquittal. They argue that a higher standard of proof, such as clear and convincing evidence, ought to apply.

Our cases have followed the pre-Guidelines *Fatico* decision that factual issues need be proven only by a preponderance. *United States v. Guerra,* 888 F.2d 247, 251 (2d Cir. 1989), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990). Of course, in the pre-Guidelines era, the extent of judicial discretion was such that the sentence might be racheted in a rough way upward or downward according to the weight of the evidence of uncharged or acquitted conduct. Indeed, a court had discretion to disregard such evidence entirely, even if proven. *See United States v. Fatico,* 579 F.2d 707, 713 n. 14 (2d Cir.1978). A court also had the power to impose a very long sentence within the statutory maximum based on that uncharged conduct. *United States v. Fischer,* 381 F.2d 509, 511 (2d Cir.1967), *cert. denied,* 390 U.S. 973, 88 S.Ct. 1064, 19 L.Ed.2d 1185 (1968); *United States v. Bowdach,* 561 F.2d 1160, 1175 (5th Cir.1977); *United States v. Hodges,* 556 F.2d 366, 369 (5th Cir.1977), *cert. denied,* 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1978).

Courts have less discretion as to the range of sentences under the Guidelines. Moreover, in some situations it is mandatory under the Guidelines that they take uncharged conduct into account. *See United States v. Telesco,* 962 F.2d 165, 168 (2d Cir.1992); *United States v. Vazzano,* 906 F.2d 879, 882 (2d Cir.1990); U.S.S.G. § 1B1.3, comment. (backg'd.). Nevertheless, we believe that the preponderance test continues to govern, *United States v. Rivalta,* 892 F.2d 223, 230 (2d Cir.1989), although we do not on the present record reach the constitutional issue raised by appellants.

■■■ In our view, the preponderance standard is no more than a *threshold* basis for adjustments and departures, and the weight of the evidence, at some point along a continuum of sentence severity, should be considered with regard to both upward adjustments and upward departures. With regard to upward adjustments, a sentencing judge should require that the weight of the factual record justify a sentence within the adjusted Guidelines range. In doing so, the Court may examine whether the conduct underlying multiple upward adjustments was proven by a standard greater than that of preponderance, such as clear and convincing or even beyond reasonable doubt where appropriate. Where a higher standard, appropriate to a substantially enhanced sentence range, is not met, the court should depart downwardly. Because the risk of factual error in a series of adjustments, each of which involves conduct proven by a bare preponderance, is a circumstance present at least "to a degree" not adequately considered by the Commission, *see* 18 U.S.C. § 3553(b), a downward departure would be warranted.[2] *See United States v. Restrepo,* 936 F.2d 661, 666 (2d Cir.1991); *United States v. Cotto,* 793 F.Supp. 64, 67 (E.D.N.Y.1992); *United States v. Yellow Earrings,* 891 F.2d 650, 654 (8th Cir.1989). We face no such situation in the instant matter, however. The adjustments for amount of loss, see *infra,* role in the offense, and obstruction of justice were based on overwhelming evidence. Even if

2. Generally, of course, a failure to depart downwardly is not appealable. *United States v. Colon,* 905 F.2d 580 (2d Cir.1990). However, if the due process right asserted by appellants exists and

the denial of a departure violated that right, the constitutional aspects of the denial would be appealable.

appellants have the due process right asserted, therefore, the adjustments in question did not violate it.

■ With regard to upward departures, the Guidelines require that they must be reasonable. *United States v. Stephenson,* 921 F.2d 438, 441 (2d Cir.1990); *United States v. Palta,* 880 F.2d 636, 639 (2d Cir. 1989). In considering the reasonableness of a departure, sentencing appellate courts should take the weight of the evidence into account. The reasonableness of substantial upward departures will depend in part on the standard of proof by which the conduct warranting the departure is established.

■ The present case nicely illustrates the process regarding upward departures. Judge Dearie began his analysis by stating that Mangano and Aloi had been shown by "at least a preponderance of the evidence" to have conspired to murder the witnesses. Noting that this was not a matter to be taken "lightly," Judge Dearie proceeded to analyze the testimony of the witnesses who implicated Mangano and Aloi in the conspiracy and why he found them credible. He then concluded, as do we, that the evidence was "compelling." That was sufficient to satisfy the Guidelines requirement of reasonableness, and any applicable constitutional standard.[3]

---

3. Mangano and Aloi contend that Judge Dearie erroneously included a "confluence of circumstances" involving organized criminal activity as an alternative basis for the upward departure from the Guidelines' recommended sentencing range. Judge Dearie mentioned the defendants' "status within their respective organizations, and their status within the bid rigging conspiracy, as opposed to the mere fact that they are members of organized crime groups," as well as the duration and extent of the conspiracy as factors constituting this "confluence." Mangano and Aloi argue that the Sentencing Commission already adequately considered these factors in calculating the Guidelines' ranges, that this departure impermissibly double counted factors taken into account in the three-level "role" adjustment, and that the court improperly calculated the extent of the departure based on U.S.S.G. § 2B3.2(b)(4)(C).

These arguments are meritless. Judge Dearie relied primarily on Mangano's and Aloi's partic-

ipation in the murder conspiracy, "itself a valid basis, indeed a compelling basis, to depart upwardly." Judge Dearie explicitly ruled out departure solely on the basis of organized criminal activity, stating "I know of no authority ... to enhance or increase or even upwardly depart on the sole basis of membership in an organized criminal activity." Instead, he pointed to Mangano's and Aloi's status within their respective crime families and within the conspiracy, in addition to the breadth and duration of the conspiracy, to justify an upward departure. These criteria do not "double count" the defendants' "leadership role" in the conspiracy since Judge Dearie could in any case depart upward from that calculation because leadership in the conspiracy is not the same as leadership in organized crime. Moreover, the Guidelines explicitly authorize upward departure on the basis of organized criminal activity. U.S.S.G. § 2B3.2, comment. (n.8).