2001 D.S.D. 4

**UNITED STATES of America, Plaintiff,**

v.

**Steven Thomas WHITE and Timothy M. Love, Defendants.**

**No. CR 00–40045.**

United States District Court,
D. South Dakota,
Southern Division.

Feb. 13, 2001.

Dennis A. Holmes, U.S. Attorney's Office, Sioux Falls, SD, for plaintiff.

Timothy J. Langley, Sioux Falls, SD, for defendant Steven Thomas White.

Delmar J. Walter, Sioux Falls, SD, for defendant Timothy M. Love.

## MEMORANDUM OPINION

PIERSOL, Chief Judge.

[¶ 1] During the consolidated sentencing hearing in this case, the Court ruled that the preponderance of the evidence standard would be applied in determining drug quantity, rather than the beyond a reasonable doubt standard advocated by defendant Steven Thomas White. The Court stated a written opinion would be issued regarding the burden of proof.

[¶ 2] In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Court issued an Order prior to the sentencing hearing in this case, indicating that the beyond a reasonable doubt standard may be the appropriate burden of proof to establish drug quantity in this case. However, the Court concludes the holding in *Apprendi* is not broad enough to require the application of the beyond a reasonable doubt standard in this case.

[¶ 3] Although the beyond a reasonable doubt standard is not applicable to the present case, the Court recognizes "the possibility that the preponderance standard the [Eighth Circuit] approved for garden variety sentencing determinations may fail to comport with due process where ... a sentencing enhancement factor becomes 'a tail which wags the dog of the substantive offense.'" *United States v. Townley*, 929 F.2d 365, 369 (8th Cir.1991) (quoting, *McMillan v. Pennsylvania*, 477 U.S. 79, 88, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)). *See, United States v. Galloway*, 976 F.2d 414, 425–26 (8th Cir.1992), *cert. denied*, 507 U.S. 974, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993) (acknowledging the possibility that due process may requires a

higher standard of proof than a mere preponderance "if the punishment meted out following application of the sentencing factors overwhelms or is extremely disproportionate to the punishment that would otherwise be imposed"). Although again recognizing the possibility that in some cases the preponderance standard may fail to satisfy due process, the Eighth Circuit did not decide the issue in *United States v. Brown*, 156 F.3d 813, 817 (8th Cir.1998), because the court found that even if a clear and convincing standard was applied, the government met its burden of proof. In *Brown*, the sentencing court's finding at issue yielded a five-fold increase in the duration of the defendant's sentence. *Id.* at 816, n. 3. In *United States v. Murray*, 67 F.3d 687, 690–91 (8th Cir.1995), *cert. denied*, 517 U.S. 1113, 116 S.Ct. 1339, 134 L.Ed.2d 488 (1996), the Eighth Circuit assumed, without deciding, that the case may be one in which the relevant conduct attributable to the defendant became the "tail which [wagged] the dog of the substantive offense," but, nevertheless, affirmed the sentence because had the district court applied the clear and convincing standard of proof, the government would have met the burden of proof. *Id.* (quoting, *McMillan*, 477 U.S. at 88, 106 S.Ct. 2411). In *Murray*, the relevant conduct findings made by the sentencing court resulted in a nine-fold increase in defendant's permissible sentencing range, increasing his base offense level from 16 to 36. *Id.* at 690–91. *See, United States v. Matthews*, 29 F.3d 462, 463 (8th Cir.1994) (subsequent history omitted) (assuming, without deciding, that a nine-fold increase due to relevant conduct may violate due process, but affirming sentence because the sentencing court applied a clear and convincing standard of proof). In recognizing the possibility that due process may require a heightened standard of proof in some cases, the Eighth Circuit cited the Third Circuit's opinion in *United States v. Kikumura*, 918 F.2d 1084, 1101 (3rd Cir. 1990). *Galloway*, 976 F.2d at 426; *United*

*States v. Wise,* 976 F.2d 393, 401 (8th Cir.1992), *cert. denied,* 507 U.S. 989, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993). The defendant in *Kikumura,* faced a twelvefold increase in the applicable guideline range based upon the sentencing factors at issue therein. *Kikumura,* 918 F.2d at 1102.

[¶ 4] The Court cited several additional cases during the consolidated sentencing hearing wherein the Eighth Circuit recognized the possibility of due process concerns, but either found the sentence would have been upheld under the clear and convincing standard or the increase in the duration of the defendant's sentence was not sufficient to raise due process concerns. *See United States v. Alvarez,* 168 F.3d 1084, 1088 (8th Cir.1999) (finding that a four-fold increase of the defendant's initial guideline range, based upon the sentencing court's consideration of relevant conduct, did not raise due process concerns requiring the imposition of a heightened standard of proof); *United States v. Geralds,* 158 F.3d 977, 979 (8th Cir.1998), *cert. denied,* 526 U.S. 1031, 119 S.Ct. 1280, 143 L.Ed.2d 373 (1999) (declining to rule on due process issues because even if the clear and convincing standard applied, the government met its burden of proof); *Galloway,* 976 F.2d at 426 (finding that "[a]lthough [the defendant's] term of punishment would be almost tripled following the proper application of section 1B1.1, we do not believe that the impact of this guideline section is so extreme or overwhelming as to raise due process concerns."); *Wise,* 976 F.2d at 401 (finding that a two-fold increase in the defendant's sentencing range did not trigger due process concerns).

[¶ 5] According to the guidelines, the Sentencing Commission "believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of a case." U.S.S.G. § 6A1.3, p.s., comment. Howeverer, as the Second Circuit has recognized, due process requires "a more rigorous standard ... in determining disputed aspects of relevant conduct where such conduct, if proven, will significantly enhance a sentence." *United States v. Shonubi,* 103 F.3d 1085, 1089 (2d Cir.1997). It is inevitable that future cases will require the imposition of a heightened standard of proof where sentencing enhancement factors become "a tail which wags the dog of the substantive offense." *McMillan,* 477 U.S. at 88, 106 S.Ct. 2411.

[¶ 6] This colorfully stated, if inelegant, standard will be subject to subsequent development by the courts. Such development might take place under the existing framework of the sentencing guidelines, through decisions in cases where a higher standard of proof is required by a substantially enhanced sentencing range, but not met by the government. *See United States v. Gigante,* 94 F.3d 53, 56 (2d Cir. 1996), *cert. denied,* 522 U.S. 868, 118 S.Ct. 179, 139 L.Ed.2d 119 (1997). Under current law, however, the question of what constitutes a "substantial enhancement" of a sentence is somewhat open ended. In shaping the contours of this standard, the courts would benefit from an amended Policy Statement that both recognizes the need for a heightened burden of proof in some cases and provides guidance on when and how such a burden should be applied.