**Duane BEATTY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 01–2493.**

United States Court of Appeals, Second Circuit.

Submitted April 4, 2002.

Decided May 24, 2002.

Duane Beatty, Lompoc, CA, pro se.

Before NEWMAN, KEARSE, and LEVAL, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This motion for a certificate of appealability ("COA"), the document required to

appeal from a district court's denial of a collateral attack upon a federal or state court conviction, *see* 28 U.S.C. § 2253(c)(1), merits a brief opinion to explain our practice in considering whether this Court will grant a COA after a district court has refused to issue one. Duane Beatty has moved for a COA to appeal a judgment of the District Court for the Southern District of New York (Sidney H. Stein, District Judge), denying his motion under 28 U.S.C. § 2255 to vacate his sentence for federal narcotics offenses. We conclude that the two grounds advanced by Beatty in his supporting papers fail to meet the standard for issuance of a COA and that the other grounds for relief alleged in his section 2255 motion have been abandoned for lack of inclusion in the papers filed in this Court. We therefore deny the motion for a COA.

## Background

Beatty was convicted in 1997 of selling "crack" cocaine to an informant. The prosecutor and the defendant stipulated that a Government chemist, if called as a witness, would testify that the quantity of crack sold by Beatty weighed 15.5 grams. The jury was instructed not to consider quantity and found Beatty guilty. At sentencing the District Court found, after a hearing, that Beatty was responsible for selling 242 grams of crack. Deeming this quantity relevant conduct, the Court determined that the applicable offense level should be increased from 26, appropriate for 5 to 20 grams of crack, to 34, appropriate for 150 to 500 grams of crack. *See* U.S.S.G. § 2D1.1(c)(3), (7). At Criminal History Category II, offense level 34 yielded a sentencing range of 168–210 months. Beatty was sentenced primarily to 168 months in prison. This Court affirmed.

*United States v. Griffin,* 198 F.3d 235 (2d Cir.1999) (mem.).

In November 2000 Beatty filed in the District Court a motion to vacate his sentence under 28 U.S.C. § 2255. He alleged five grounds: (1) his sentence violated the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the quantity for which he was punished had not been determined by the jury, (2) he was denied the effective assistance of counsel because of his attorney's conflict of interest, (3) he was denied new counsel at a post-conviction hearing, (4) the crack sales attributed to him as relevant conduct were not proven by a preponderance of the evidence, and (5) the indictment on which he was prosecuted was based in part on perjured testimony. The District Court denied the motion in an Opinion and Order dated April 16, 2001, *Beatty v. United States,* 142 F.Supp.2d 454 (S.D.N.Y.2001), noting that a COA would not be issued, *id.* at 461. Beatty also filed a motion for reconsideration of the April 16 ruling, which the District Court denied in a ruling dated May 24, 2001.

Beatty endeavored to appeal the denial of his section 2255 motion. However, he did not take the normally required step of filing in the District Court a timely notice of appeal. *See* Fed. R.App. P. 3, 4; Rule 11 of Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). Instead, he sent to both this Court and the District Court a document dated May 5, 2001, requesting the granting of a "Motion for Appealability" from the District Court's April 16 ruling. Ultimately this document was construed first as a notice of appeal and then, additionally, as a motion for a COA.[1] On August 2, 2001, Beatty sent to this Court another "Motion for an Appeal-

---

1. Although the sequence of events by which these constructions occurred has no bearing on our disposition of the pending motion, we set forth what happened to indicate how carefully the Clerk's Offices of both the District

Court and our Court endeavor to protect *pro se* litigants from adverse consequences of their inexpertly drafted filings.

ability," requesting "an appealability" from the District Court's May 24, 2001, ruling denying reconsideration. The record does not reflect that this document was ever construed as a notice of appeal.[2] However, even if it is so construed at this point and even if it is timely to appeal the denial of reconsideration, our disposition of the pending COA request with respect to the April 16, 2001, ruling suffices to deny a COA request with respect to the May 24, 2001, ruling.

Apparently alerted by receipt of a copy of correspondence between the Clerk's Offices of this Court and the District Court that his "Motion for Appealability" would be construed as a notice of appeal, Beatty submitted to this Court two affidavits, dated January 4, 2002, and March 5, 2002, in support of his now properly pending appeal from the District Court's April 16, 2001, ruling. We now proceed to consider whether Beatty is entitled to a COA.

## Discussion

### I. Claims Pursued in Support of COA

Beatty's papers in support of a COA advance two challenges to his sentence. First, he contends that the enhancement of his Guideline range by eight levels, based on relevant conduct, was of such a magnitude as to require that the facts establishing the relevant conduct be proven by more than a preponderance of the evidence. Second, he contends that the Supreme Court's decision in *Apprendi*, as explicated in the recent decisions of this Court in *United States v. Guevara*, 277 F.3d 111 (2d Cir.2001), and *United States v. Thomas*, 274 F.3d 655 (2d Cir.2001) (in

On July 25, 2001, the Clerk's Office of this Court sent its copy of the "Motion for Appealability" to the Clerk's Office of the District Court. The transmittal letter characterized Beatty's motion as a request for a COA, noted that a notice of appeal had not been filed, and requested the District Court Clerk's Office to construe the motion as a notice of appeal. *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir.1999). Fed. R.App. P. 4(d) requires the clerk of a court of appeals to send to a district court a notice of appeal mistakenly filed in the court of appeals, noting the date of receipt in the court of appeals. The transmittal letter noted that Beatty's motion was postmarked May 11, 2001, perhaps endeavoring to give Beatty the benefit of the prisoner mail-box rule, *see Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In any event, the "Motion for Appealability," construed as a notice of appeal, was timely to appeal the April 16, 2001, ruling.

On August 3, 2001, the District Court sent back to this Court the copy of the "Motion for Appealability" that the District Court had received from our Court, noting that the motion was being construed as a notice of appeal. The transmittal document listed May 29, 2001, as the date the notice of appeal was deemed filed. This was the date the District Court had received its copy of the "Motion for Appealability" that Beatty sent to the District

Court. Upon receipt of the District Court's communication, our Clerk's Office, now in possession of a document properly filed in the District Court and properly construed as a notice of appeal, treated it as it would any new notice of appeal in a section 2255 appeal that is unaccompanied by a motion for a COA: it placed on the document the legend "Notice of Appeal Construed as Motion for Certificate of Appealability." *See* Fed. R.App. P. 22(b)(2) ("If no express request for a certificate [of appealability] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."); *Norde v. Keane*, 294 F.3d 401, 420 (2d Cir.2002) (notice of appeal considered as application for COA).

Thus, Beatty's "Motion for Appealability," which was probably intended to be a request for a COA, was first construed as a notice of appeal and then, as a notice of appeal, was construed as a request for a COA.

**2.** The District Court docket entry for August 2, 2001, incorrectly reflects a notice of appeal from the May 24, 2001, ruling, entered on May 29, 2001. However, the docketed item, document 364, is Beatty's "Motion for Appealability," sent to this Court, which explicitly states that Beatty seeks "appealability" from the District Court's April 16, 2001, ruling.

banc), requires that all drug quantity amounts bearing on Guideline sentences must be found by a jury.

### A. Standard of Proof for Guidelines Enhancement

Beatty's Guideline sentencing range, based solely on the quantity of crack sales for which he was convicted, would have been 70–87 months. The additional sales, determined by the District Court to be relevant conduct, resulted in a Guideline sentencing range of 168–210 months, and an ultimate sentence of 168 months. The relevant conduct thus resulted in a sentence almost double the top of the range that would have been applicable without the relevant conduct sales.

We recognized in *United States v. Gigante*, 94 F.3d 53 (2d Cir.1996), that the preponderance standard "is no more than a *threshold* basis for adjustments and departures," *id.* at 56 (emphasis in original), and that "the weight of the evidence, at some point along a continuum of sentence severity, should be considered with regard to both upward adjustments and upward departures," *id.* We also observed that "[w]here a higher standard [than preponderance], appropriate to a substantially enhanced sentence range, is not met, the court should depart downwardly." *Id.* Beatty contends that the severity of the upward adjustment in his offense level warranted a standard of proof more rigorous than preponderance, and that his sentence was unlawful for lack of fact-finding under a more rigorous standard.

■ His contention does not present a substantial issue on collateral attack because he challenged the sentencing judge's fact-finding on direct review, and this Court rejected that challenge. *See Riascos–Prado v. United States*, 66 F.3d 30, 33 (2d Cir.1995).

### B. *Apprendi* Claim

■ Beatty contends that our recent decisions in *Guevara* and *Thomas* have applied the Supreme Court's decision in *Apprendi* in a manner that would require submission of the drug quantity issue to the jury in his case. Even if any aspect of *Guevara* and *Thomas* were to be applied to challenges raised on collateral attack, a matter we do not decide,[3] those decisions would not benefit Beatty. *Thomas* applied *Apprendi* to fact-finding that resulted in a sentence above a statutory maximum, *Thomas*, 274 F.3d at 664, and *Guevara* applied *Apprendi* to fact-finding that "trigger[s] a mandatory minimum sentence that exceeds the top of the Guideline range that the district court would otherwise have calculated," *Guevara*, 277 F.3d at 119. Beatty received a sentence of 168 months based on the sentencing judge's finding that he sold 242 grams of crack. Beatty's 168–month sentence is less than the 240–month statutory maximum sentence for selling an unspecified amount of crack, *see* 21 U.S.C. § 841(b)(1)(C) (20–year maximum), and therefore merits no relief under *Thomas*. Although the 168–month sentence is higher than the 120–month statutory minimum sentence for selling more than 50 grams of crack, *see id.* § 841(b)(1)(A)(iii) (10–year minimum), it is within Beatty's applicable Guideline range of 168–210 months for selling 242 grams of crack, *see* U.S.S.G. § 2D1.1(3) (level 34 for 150–500 grams), *id.* Sentencing Table (offense level 34 and Criminal History Category II), and therefore merits no relief under *Guevara*.[4] Beatty's sentencing

---

**3.** The Court currently has *sub judice* the issue of whether *Apprendi* applies retroactively to a collateral attack upon a conviction. *See United States v. Luciano (Parise)*, No. 01–1198 (2d Cir. argued Jan. 28, 2002).

**4.** Beatty's sentence was imposed under 21 U.S.C. § 841(b)(1)(B), *see Beatty*, 142 F.Supp.2d at 455, which specifies a five-year minimum sentence for selling more than 5 grams of crack, *see id.* § 841(b)(1)(B)(iii).

challenge under *Apprendi, Thomas,* and *Guevara* does not warrant a COA.

## II.   Claims Not Pursued on Appeal

■ In his two affidavits in support of a COA, Beatty has briefed the sentencing issues discussed above, and not mentioned the other three claims presented to the District Court in his section 2255 motion. We have previously ruled in considering the merits of an appeal that issues not discussed in an appellate brief will normally be deemed abandoned.  *See Schwapp v. Town of Avon,* 118 F.3d 106, 112 (2d Cir. 1997); *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).  Even as to a *pro se* litigant, we have invoked a forfeiture "when he has raised an issue below and elected not to pursue it on appeal." *Id.* at 93; *see Moates v. Barkley,* 147 F.3d 207, 209 (2d Cir.1998).  On this motion, we consider whether to apply that approach to a request for a COA.

The requirements for presenting a collateral attack on a conviction and appealing the denial of such an attack contemplate a specific identification of the grounds claimed to warrant relief.  In presenting a collateral attack to the District Court, the prisoner is required to "specify all the grounds for relief which are available."  Rule 2(b) of Section 2255 Rules. In imposing the requirement of a COA for an appeal from the denial of a collateral attack on a conviction, Congress made it clear that only identified issues may be pursued.  A COA may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the

COA "shall indicate which specific issue or issues satisfy" the statutory standard, *id.* § 2253(c)(3).  Just as a district court adjudicating a section 2255 motion is entitled to limit its consideration to the grounds specified by the prisoner, we think an appellate court, considering whether to issue a COA to permit appeal from the denial of a collateral attack, is entitled to limit its consideration to the grounds advanced by the prisoner in seeking a COA. A prisoner who has unsuccessfully tendered numerous claims to a district court will often sensibly focus his appellate efforts on the one or two claims he considers most promising. If he omits claims from his papers in support of a COA, those claims should normally be deemed abandoned.  *See Hughes v. Johnson,* 191 F.3d 607, 613 (5th Cir.1999) ("Issues not raised in the brief filed in support of [appellant's] COA application are waived.").

Our local rules provide that a motion for a certificate of appealability "shall be made as provided in FRAP Rule 27" governing motions. 2d Cir. R. 22(a).  FRAP Rule 27 provides that a motion "must state with particularity the grounds for the motion . . . and the legal argument necessary to support it."  Fed. R.App. P. 27(a)(2)(A). Our rule, incorporating the FRAP rule by reference, thus requires an applicant for a COA to specify in his application the issues upon which he seeks certification, and to give grounds and argument in support. Other circuits have local rules explicitly requiring requests for a COA to identify specific claims.  *See* 1st Cir. R. 22.1(b) (requiring a memorandum "giving specific and substantial reasons . . . why a certifi-

The sentencing judge's finding of a quantity of 242 grams of crack should have triggered the ten-year minimum sentence provision of subsection 841(b)(1)(A)(iii), which applies to a quantity of 150–500 grams of crack.  Because

Beatty's guideline range calls for a sentence higher than the minimum sentence in either subsection, his claim under *Guevara* lacks merit regardless of which minimum sentence subsection was applied.

cate should be granted"); 4th Cir. R. 34(b) (request for a COA must be accompanied by an informal brief listing the specific issues raised and Court of Appeals "will limit its review to the issues raised in the informal brief"); 9th Cir. R. 22–1(c) (request for COA to be accompanied by "a statement of reasons why a certificate should issue as to any issue(s)"); 10th Cir. Local Rules Add. V (appellants, denied COA by district court "will be required to brief any request for a [COA] in this court and address the merits of their appeals at the same time"). Furthermore, the Fourth Circuit's rule expressly states that the Court will limit its review to the issues raised in the application for a COA. 4th Cir. R. 34(b). This limitation is implicit in both the governing statute, which authorizes issuance of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and our local rule.

We do not doubt the authority of our Court to relieve a litigant of a forfeiture of claims in an extraordinary case, but no basis exists for doing so on this motion.

The motion for a COA is denied, and the appeal is dismissed because the Appellant has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).