**37**

**UNITED STATES of America, Appellee,**

v.

**Juan NAVARRO, aka "Loco", Defendant–Appellant.**

**Docket No. 01–1420.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2002.

Jeremiah Donovan, Old Saybrook, CT, for Appellant.

Alex Hernandez, Assistant United States Attorney for the District of Connecticut, Bridgeport, CT (John A. Danaher III, United States Attorney, and Jeffrey A. Meyer, Assistant United States Attorney, on the brief), for Appellee.

Present VAN GRAAFEILAND, JACOBS and POOLER, Circuit Judges.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Juan Navarro appeals from the sentence imposed by the United States District Court for the District of Connecticut (Hall, J.) following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. § 846. At Navarro's second sentencing hearing, the district court principally sentenced him to 150 months' imprisonment.

First, Navarro argues that the district court erroneously imposed a two-level upward adjustment pursuant to Sentencing Guideline § 3B1.1(c) for Navarro's role as an organizer, leader, manager, or supervisor. We review *de novo* the conclusion that a defendant deserved a leadership enhancement, and we review for clear error its findings that support the conclusion. *United States v. Paccione*, 202 F.3d 622, 624 (2d Cir.2000) (per curiam). "To qualify for an adjustment under § 3B1.1, the defendant must have exercised some control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." *United States v. Leonard*, 37 F.3d 32, 38 (2d Cir.1994) (internal quotation marks omitted). After testing revealed that the 87.73 grams were not cocaine base, the undercover officer called Rosario to complain. During the call, Navarro could be heard in the background directing Rosario's answers. This evidence supports the district court's finding that "Miss Rosario was directed by Mr. Navarro," and its conclusion that Navarro earned a role adjustment.

Second, Navarro argues that the district court erred in including 87.73 grams of fake cocaine Navarro sold to the undercover officer as part of the total drug quantity. This Court reviews a district court's drug quantity finding for clear error. *United States v. Thompson*, 76 F.3d 442, 456 (2d Cir.1996). At the first sentencing hearing, the district court considered whether the defendant intended to sell real

cocaine base; if so, then the 87.73 grams could be included. *See United States v. Dallas,* 229 F.3d 105, 108–10 (2d Cir.2000). In the same phone conversation referenced above, Navarro and Rosario told the undercover officer that the cocaine base may have been of poor quality, but they were unaware of the quality problem prior to the sale. This evidence is sufficient to support the district court's finding that Navarro intended to sell real cocaine.

Third, Navarro points out that the district court made determinations of role in the offense and relevant conduct using a preponderance of the evidence standard; according to Navarro, the court should have used the standard of clear and convincing evidence. As Navarro admits, however, this contention is foreclosed by this Court's precedent. *See, e.g., United States v. McLean,* 287 F.3d 127, 133 (2d Cir. 2002).

Fourth, Navarro contends that the enhancements for relevant conduct and role in the offense were improper because these factors were not set forth in the indictment or proved to a jury beyond a reasonable doubt. As Navarro recognizes, this argument is foreclosed because his sentence is less than the 20–year statutory maximum. *See Beatty v. United States,* 293 F.3d 627, 631–32 (2d Cir.2002); *United States v. Thomas,* 274 F.3d 655, 663–64 (2d Cir.2001) (en banc).

Finally, Navarro asserts that the district court erred in denying his request for a downward departure in recognition of his family responsibilities and post-arrest rehabilitation efforts. This Court lacks jurisdiction to hear an appeal from a district court's exercise of its discretion not to depart downward, absent extraordinary circumstances not present here. *See, e.g., United States v. Hargrett,* 156 F.3d 447, 450 (2d Cir.1998); 18 U.S.C. § 3742(a).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**