**Michael JONES, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Respondent–
Appellee.**

No. 02–2603.

United States Court of Appeals,
Second Circuit.

March 31, 2004.

Howard L. Jacobs, New York, NY, for
Petitioner–Appellant.

Joyce Slevin, Assistant District Attorney, for Charles J. Hynes, Kings County
District Attorney, Brooklyn, N.Y. (Victor
Barall and Leonard Joblove on the brief),
for Respondent–Appellee.

Present: Hon. THOMAS J. MESKILL,
Hon. ROBERT A. KATZMANN, and Hon.
RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Familiarity with the facts of this case is assumed. Petitioner–Appellant Michael Jones was, after a jury trial, convicted in New York State Supreme Court, of two counts of manslaughter and one count of assault. Prior to the commencement of the trial, the court held the required *Sandoval* and *Ventimiglia* hearings.[1] Jones petitioned for a writ of habeas corpus on the grounds that he was absent during these hearings, and that this absence constitutes a violation of his federal constitutional rights.

In an order dated September 5, 2002, the District Court for the Eastern District of New York (Gershon, *J.*) denied Jones' petition. *Jones v. Artuz*, No. 97–CV–2063(NG), 2002 WL 31006171 (E.D.N.Y. Aug. 30, 2002). Petitioner now appeals.

▮ The district court held that the petitioner's claim regarding the *Sandoval* and *Ventimiglia* hearings was procedurally barred. The court noted that petitioner had raised the claim in his third motion to vacate the judgment of conviction pursuant to N.Y.Crim. Proc. Law § 440.10, and that the Supreme Court, Kings County, found that the claim was procedurally barred because the petitioner failed to raise it on direct appeal. *Jones*, 2002 WL 31006171 at *9. The petitioner concedes that, be-

cause *People v. Dokes*, 79 N.Y.2d 656, 584 N.Y.S.2d 761, 595 N.E.2d 836 (N.Y.1992), was decided before petitioner filed his supplemental brief, it would have been possible to raise the *Sandoval* issue on direct appeal. However, petitioner contends that the issue of the *Ventimiglia* hearing is not procedurally barred because *People v. Spotford*, 85 N.Y.2d 593, 627 N.Y.S.2d 295, 650 N.E.2d 1296 (1995), was decided after the filing of the petitioner's direct appeal. We cannot accept petitioner's argument because *Spotford* was decided before the petitioner filed his motion to renew, in which he could have raised the *Ventimiglia* claim. Further, here the petitioner has made no showing of cause and prejudice which would excuse the default.

▮ Petitioner contends that his appellate counsel was ineffective for failing to raise the petitioner's right to be present at the *Sandoval/Ventimiglia* hearing as decreed by the New York Court of Appeals in *Dokes* and *Spotford*. However, the Appellate Division rejected the petitioner's claim (*People v. Jones*, 256 A.D.2d 476, 683 N.Y.S.2d 430 (1998) (mem.)) and the district court held that the decision of the Appellate Division was neither contrary to, nor involved an unreasonable application of, clearly established federal law. *Jones*, 2002 WL 31006171 at *10.

Issues not raised in the papers filed in support of a Certificate of Appealability ("COA") should normally be deemed abandoned. *Beatty v. United States*, 293 F.3d 627, 632 (2d Cir.2002). Here, the petition-

---

1. A *Sandoval* hearing is held, upon a defendant's request, to determine the extent to which he will be subject to impeachment by cross-examination about prior bad acts if he testifies, and a *Ventimiglia* hearing is held to determine whether evidence of uncharged crimes is admissible as direct evidence. *Jones v. Artuz*, No. 97–CV–2063(NG), 2002 WL 31006171 at *9 (E.D.N.Y. Aug. 30, 2002). In *People v. Dokes*, 79 N.Y.2d 656, 584

N.Y.S.2d 761, 595 N.E.2d 836 (1992), the New York Court of Appeals held that a criminal defendant has a right to be present at his/her *Sandoval* hearing. Similarly, in *People v. Spotford*, 85 N.Y.2d 593, 627 N.Y.S.2d 295, 650 N.E.2d 1296 (1995), the New York Court of Appeals held that a criminal defendant has a right to be present at his/her *Ventimiglia* hearing.

er concedes that counsel's brief filed in support of the COA omitted the ineffective assistance of appellate counsel claim, but he argues that the claim should not be deemed abandoned because it was included in the pro se attachment that he filed along with counsel's motion.

"This Court has held that a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir.1989). "There is certainly a right to appear pro se, as well as a right to appointed counsel. Obviously, however, those rights cannot be both exercised at the same time. A defendant who elects to be represented by counsel surrenders the right to make the ultimate decision on a wide variety of matters.... [A] lawyer's decisions, at least on those subjects for which he bears the ultimate responsibility, will ordinarily be binding, even though important constitutional rights may be lost." *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir.1977) (internal citations and quotation marks omitted). In light of this controlling caselaw, the fact that the petitioner included the claim in a pro se attachment is insufficient to save the claim from abandonment.

Petitioner urges that we forgive his abandonment of the claim because his case is "extraordinary." In *Beatty*, this Court recognized that, "in an extraordinary case," the Court of Appeals had the authority to relieve a litigant of a forfeiture of claims. 293 F.3d at 633. *Beatty* does not precisely spell out the circumstances under which the Court should exercise that authority.

■ We need not decide whether this case is "extraordinary" within the meaning of *Beatty* because, even assuming *arguendo* that the claim is not abandoned, it does not furnish a basis for relief because it is without merit. To establish a claim for ineffective assistance of counsel, petitioner must show: (1) that counsel's performance was deficient; and (2) the deficient performance prejudiced the defense, such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *United States v. Morris*, 350 F.3d 32, 39 (2d Cir.2003) (*quoting Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (quotations omitted). In this case, petitioner contends that his appellate counsel rendered ineffective assistance by failing to order the transcript of the *Sandoval* hearing and failing to raise the defendant's absence from that hearing as a ground for appeal. The district court held that the services of Jones' appellate counsel did not fall below an objective standard of reasonableness. *Jones*, 2002 WL 31006171 at *10. In any case, we find that petitioner cannot establish a claim for ineffective assistance of counsel because the district court correctly found that he could not show that prejudice resulted from the alleged deficiency of counsel. *Id.*

Because we find that the petitioner's claim regarding the *Sandoval* and *Ventimiglia* hearings is procedurally barred, we need not and we do not address the merits of this constitutional claim.

For the foregoing reasons, the judgment of the district court is AFFIRMED.