Richard LOVE, Jr., Petitioner–
Appellant,

v.

Frank MCCRAY, Superintendent of
Livingston Correctional Facility,
Respondent–Appellee.

Docket No. 03–2307–PR.

United States Court of Appeals,
Second Circuit.

Submitted: July 23, 2004.

Decided: July 1, 2005.

Allan N. Taffet, Esq., New York, NY, for Appellant.

Dorothy E. Hill, Assistant Attorney General (Eliot Spitzer, Attorney General for the State of New York, and Andrea Oser, Assistant Attorney General, on the brief), Albany, NY, for Appellee.

Before: WALKER, Chief Judge, and JACOBS and WESLEY, Circuit Judges.

PER CURIAM.

We previously granted a certificate of appealability ("COA") in this appeal by Richard Love, Jr., from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.) that denied § 2254 habeas relief. Our order appointed counsel to brief the question whether the prosecutor in the underlying criminal case violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by withholding from the defense a composite sketch that reflected a description given by the victim but that (allegedly) does not resemble Love. Now, [i] appointed counsel has moved to withdraw on the ground that Love has no nonfrivolous claim to raise on appeal; [ii] the Government has moved for summary affirmance; and [iii] Love has submitted a *pro se* brief that (*inter alia*) seeks the appointment of new counsel, and raises a claim (omitted from his initial COA application) that his trial counsel rendered constitutionally ineffective assistance in connection with the composite sketch. For the following reasons, we deny summary affirmance, expand the COA to include the ineffectiveness claim, and grant defense counsel's motion to withdraw. New counsel will be appointed by separate order.

I

In 1998, Love was charged in Onondaga County, New York, with unlawfully entering an apartment and stealing a wallet that contained credit cards and $350, and was convicted of second degree burglary, fourth degree grand larceny, and petit larceny. Due in part to his status as a second felony offender, the court imposed sentences of ten years on the burglary count, two to four years on the grand larceny count, and one year for petit larceny (all to be served concurrently).

The chief evidence at trial was the identification of Love by Jennifer Hetherington, who testified that on October 2, 1997, she returned home from work to find Love in her apartment rifling through her boyfriend's wallet; Love left after a brief confrontation, taking the wallet. Hetherington's testimony was based in part on her identification of Love from a photographic array one month after the incident. On the evening of the incident, however, Hetherington gave a description of the burglar to the police, who used it to develop a composite sketch that allegedly does not resemble Love. It is disputed whether defense counsel was told about the sketch, or received it; in any event, it was not placed in evidence at trial.

Love filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the Northern District of New York (McAvoy, J.), raising (*inter alia*) his *Brady* and ineffectiveness claims. The case was referred to Magistrate Judge Treece, who recommended that the petition be denied. With respect to the *Brady* claim, the magistrate judge relied on a finding by the Onondaga County Court (in connection with a motion for post-conviction relief pursuant to N.Y.Crim. Proc. Law § 440.10) that the prosecution had in fact disclosed the sketch to defense counsel. And as to both the *Brady* and the ineffectiveness claims, the magistrate judge ruled that the use of

the sketch at trial would not have had a material effect on the verdict. The district court adopted the magistrate's recommendations, denied Love's petition, and, in a later order, denied a COA. Love filed a *pro se* COA application in this Court, raising only the *Brady* claim. We granted Love a COA as to whether "the State violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose a composite sketch developed from the victim's physical description of the burglar," and appointed counsel.

■ Appointed counsel has now moved to withdraw and has filed a brief, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that Love has no nonfrivolous claim to raise on appeal.[1] Following suit, the Government has filed a motion to summarily affirm the denial of habeas relief. Love's *pro se* brief in opposition presses his *Brady* claim as well as the ineffectiveness claim that was omitted from his initial COA application. Love also wants a new lawyer.

The parties' submissions require us to decide: [i] whether Love's *Brady* claim is frivolous; [ii] whether we can and should expand the COA to include the previously omitted ineffectiveness claim; and [iii] if this appeal should go forward, whether the appointment of new counsel is justified.

## II

We cannot say, based on our independent review of the record, that Love's *Brady* claim is frivolous. Appellate counsel to Love, seconded by the Government, argues essentially that Love faces an uphill battle in showing that the prosecution failed to disclose favorable material evidence, *see United States v. Payne,* 63 F.3d 1200, 1208 (2d Cir.1995), particularly under the deferential standards of review that (they argue) apply to the state courts' determinations under AEDPA, *see* 28 U.S.C. § 2254(d)-(e). However, this is an argument that the appeal is likely without merit, not that it is frivolous. *Cf. Lucidore v. N.Y. Div. of Parole,* 209 F.3d 107, 112 (2d Cir.2000) (discussing the "presumptive legitimacy" of "a certificate of appealability that already has been issued" (emphasis omitted)). We say nothing more about Love's prospects, and defer to the merits panel, which will have the benefit of a complete record, full briefing, and oral argument.

## III

■ The Government argues that Love waived his ineffective assistance claim when he omitted it from his initial COA application. *See Beatty v. United States,* 293 F.3d 627, 632 (2d Cir.2002) ("If [a petitioner] omits claims from his papers in support of a COA, those claims should normally be deemed abandoned."). We disagree.

*Beatty* holds that claims omitted from a COA application normally are "abandoned." The question was whether, in reviewing a COA application to see if an appealable issue exists, we should consider issues that were raised in the district court, but omitted from the COA application. We concluded in *Beatty* "that the other grounds for relief alleged in [petitioner's] section 2255 motion have been abandoned for lack of inclusion in the pa-

---

1. The procedures mandated by *Anders*—when defense counsel sees no nonfrivolous appellate issue—do not apply (at least as a matter of constitutional law) in the habeas context because a habeas petitioner has no constitutional right to counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 554–55, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). However, counsel's invocation of *Anders* has no bearing on the issues in this appeal.

pers filed in this Court." *Id.* at 632. *Beatty* relied by analogy on the familiar rule that "issues not discussed in an appellate brief" are not considered on appeal. *Id.* at 632. We decline to extend *Beatty's* holding to a situation where, as here, we have granted a COA, and a subsequent brief filed by the petitioner raises an additional claim that was presented to the district court. *See, e.g., Dellinger v. Bowen,* 301 F.3d 758, 765 (7th Cir.2002) (holding that petitioner's claim, asserted in a subsequent brief, was not waived due to omission from the COA application); *cf. Green v. Mazzucca,* 377 F.3d 182, 183 (2d Cir. 2004) (*per curiam*) (observing that this Court can "expand a petitioner's COA when appropriate"). On this appeal, we are not called upon to search the record for an appealable claim without knowing whether the petitioner wishes to appeal on that basis or not; thus the chief concern underlying *Beatty's* holding is absent.

 The remaining question is whether Love's ineffectiveness claim satisfies the standard for issuance of a COA. A COA is appropriate where the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c); that is, where "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or ... the issues presented [are] adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citations and quotation omitted).

This standard is easily satisfied here. The primary evidence against Love at trial was Hetherington's identification testimony; yet the composite sketch developed from Hetherington's contemporaneous description of the burglar allegedly does not resemble Love. Whether trial counsel was constitutionally deficient for failing to make use of this sketch at trial (or in failing to procure it, as the case may be) is at least an issue that deserves encouragement.[2] *See generally Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (ineffectiveness requires [i] that representation fell below an objective standard of reasonableness and [ii] a reasonable probability that, but for the errors, the result would have been different). For this reason, we expand the COA to include Love's ineffective assistance of counsel claim.

## IV

We think that a lawyer who has contested the merit of Love's *Brady* and ineffectiveness claims in his *Anders* brief would be placed in a false position if he were to continue his representation of Love. We therefore grant counsel's motion to withdraw and will appoint new counsel by separate order.

For the foregoing reasons, [i] the Government's motion for summary affirmance is denied; [ii] the COA is expanded to include Love's ineffectiveness claim; and [iii] defense counsel's motion to withdraw is granted. New counsel will be appointed by separate order.

---

2. For the same reason, we cannot say that Love's ineffectiveness claim is frivolous.