Paulette VAUGHN, Joy Vaughn, Dana Y. Banks, David B. Mounsey, Plaintiff–Appellants,

v.

CONSUMER HOME MORTGAGE COMPANY, INC., Mindy S. Ashley, individually and in her capacity as a substantial shareholder of Consumer Home Mortgage Company Inc., the Foreclosure Network of Metro New York Inc., Michael Ashley, individually and in his capacity as a substantial shareholder of Consumer Home Mortgage Company, Inc., ABN AMRO Mortgage Group Inc., as assignee of and successor to Consumer Home Mortgage Company, Inc., Robert E. Standfast, Robert E. Standfast individually and as President of Consumer Home Mortgage, Michael Parker, Michael Parker individually and in his capacity as officer/employee of Consumer Home Mortgage, Gary Lewis, Gary Lewis individually and as President of FFNY, JAS Property Service, also known as JAS LLC, doing business as the Foreclosure Network, Jill Sharff, Joshua Smiling, Charles Salva Appraisals, Inc., Charles Salva, Martin Silver, Ann McGrane, Kenneth Golden, United States Department Of Housing And Urban Development, Anthony Sarlo, Joseph Obenauer, Defendants–Appellees,

Jeffrey Tanen, Interested Party.

No. 06–4005–cv.

United States Court of Appeals, Second Circuit.

Oct. 17, 2008.

Richard J. Wagner (Max Weinstein, on the brief), Brooklyn Legal Services Corp., Brooklyn, New York; Peter A. Cross, Hugh A. Zuber, Jacob, Medinger & Finnegan, LLP, New York, New York, for Appellant.

Michael F. McGowan, Boundas, Skarzynski, Walsh & Black, LLC, New York, New York, for Appellant.

Edward K. Newman (Varuni Nelson, on the brief), for Benton J. Campbell, Eastern District of New York, Brooklyn, New York, for for Appellee HUD.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOHN M. WALKER, JR., Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellants allege that they were defrauded by predatory lenders in connection with their purchase of a three-family home in Brooklyn and that as a result they purchased the home at a grossly inflated price. They appeal from a judgment entered by the United States District Court for the Eastern District of New York (Glasser, J.) dismissing their claims against the United States Department of Housing and Urban Development ("HUD"), and granting summary judgment to Defendant–Appellee Martin Silver. We assume the parties' familiarity with the remaining facts and procedural history of this case.

### I

Plaintiff–Appellants allege that HUD, in administering its mortgage insurance programs, systematically failed to prevent the issuance of federal mortgage insurance for homes being sold at fraudulently inflated prices. They also allege that HUD failed in an alleged duty to warn consumer-borrowers about the risks of predatory lending. Plaintiff–Appellants allege that these omissions disproportionately impact minorities. They sought declaratory and injunctive relief to address these alleged deficiencies in HUD's operations.[1]

Although past injuries may confer standing to seek money damages, they do not confer standing to seek equitable relief unless the plaintiff can demonstrate that he or she is likely to be harmed again in the future in a similar way. *See Deshawn E. v. Safir*, 156 F.3d 340, 344 (2d Cir.1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." (citing *City of L.A. v. Lyons*, 461 U.S. 95, 105–06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983))). In their brief to this Court, Plaintiff–Appellants

---

1. Although Plaintiff–Appellants at one point alleged that HUD's negligence caused them monetary injury of $300,000, they did not request damages in briefing before the district court or in this appeal. Hence, any demand for money damages against HUD has been abandoned, leaving only the prayer for equitable relief. *See Beatty v. United States*, 293 F.3d 627, 632 (2d Cir.2002) ("[I]ssues not discussed in an appellate brief will normally be deemed abandoned.").

identified two injuries that they might suffer in the future: (1) an inability to obtain affordable housing, and (2) the possibility of participating in a competition for housing that would be unfair by virtue of the disproportionate impact of HUD's omissions on minorities.

■ Plaintiff–Appellants do not have standing to advance the first claim since they failed to allege that they intend to reenter the housing market at any point in the future. At the pleading stage, Plaintiff–Appellants would at least need to allege facts indicating that they have concrete plans to reenter the housing market and that they will not be able to find an affordable home. *See Lee v. Board of Governors of the Federal Reserve System,* 118 F.3d 905, 912 (2d Cir.1997) ("[T]he injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." (internal quotation marks omitted) (alteration in original) (quoting *Sierra Club v. Morton,* 405 U.S. 727, 734–35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972))).

■ Plaintiff–Appellants' second alleged injury—the possibility of participating in an unfair competition for housing—is ineffective to establish their standing for the same reason. Plaintiff–Appellants seek to analogize the present case to *Gratz v. Bollinger,* 539 U.S. 244, 123 S.Ct. 2411, 156 L.Ed.2d 257 (2003), and similar equal protection cases in which plaintiffs facing a government-erected barrier, such as the University of Michigan's use of race in admissions decisions, have been afforded standing to challenge allegedly discriminatory policies that prevented them from

competing for some benefit on equal footing. Contrary to Plaintiff–Appellants' arguments, however, this line of authority extends standing only to those persons who are *"personally* denied equal treatment by the challenged discriminatory conduct." *In re U.S. Catholic Conference,* 885 F.2d 1020, 1025 (2d Cir.1989) (internal quotation marks omitted) *(quoting Allen v. Wright,* 468 U.S. 737, 755, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). Absent allegations that *these* plaintiffs have concrete plans to enter the housing market, they have no standing to complain merely because other members of their racial group might be injured by government conduct.[2] The claims against HUD were properly dismissed.

## II

■ Plaintiff–Appellants brought separate claims against attorney Martin Silver, alleging that he failed to adequately represent their interests at the closing. The district court granted summary judgment to Silver, finding that all of Plaintiff–Appellants' legal theories would require a showing of actual damages and that Plaintiff–Appellants had failed to produce any evidence that they were damaged by the alleged misconduct. *See Vaughn v. Consumer Home Mortgage Co.,* 470 F.Supp.2d 248, 269–72 (E.D.N.Y.2007); *Vaughn v. Consumer Home Mortgage Co.,* No. 01–7937, 2006 WL 2239324, at *12–14 (E.D.N.Y. Aug. 4, 2006).

■ Plaintiff–Appellants argue on appeal that the district court failed to consider the possibility that they could recover for punitive damages even absent actual

---

**2.** *Comer v. Cisneros,* 37 F.3d 775 (2d Cir. 1994), is not to the contrary. In that case, plaintiffs who were eligible for and actively seeking housing subsidies challenged rules that disadvantaged them in obtaining subsi-

dies. Thus, the plaintiffs in that case were *personally* injured by the government conduct; they were not suing on the theory that other members of their racial group might be injured.

damages. This argument was not presented to the district court in the summary judgment opposition papers and therefore cannot be pressed on appeal. *See River Plate & Braz. Conferences v. Pressed Steel Car Co.*, 227 F.2d 60, 63 (2d Cir.1955) ("We cannot reverse the summary judgment on the basis of arguments and facts not presented to the District Court." (citing *Palmer v. Reconstruction Fin. Corp.*, 164 F.2d 466 (2d Cir.1947); *Carr v. Corning*, 182 F.2d 14, 21 (D.C.Cir.1950))).

■ Plaintiff–Appellants alternatively argue that they should have been permitted to sue for lost profits (or "appreciation") damages. We can assume without deciding that lost profits or appreciation damages are available in the category of claims they have asserted against Silver. Nevertheless, we affirm the district court's determination that Plaintiff–Appellants did not introduce *any* evidence that the property at issue actually appreciated in value.

■ Plaintiff–Appellants claim that the district court unfairly accepted Silver's unsupported assertion that the property had not appreciated, while faulting them for not introducing an appraisal or other evidence on the same issue. But there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A defendant does not have to introduce evidence that would negate the possibility of damages in order to move for summary judgment. Rather, as the district court held, the burden was on Plaintiff–Appellants to produce evidence of damages.

Plaintiff–Appellants' only filing in response to Silver's summary judgment motion discussed the damages issues only briefly, and cited no relevant evidence. Even the motion for reconsideration did not point to record evidence that would support an award of damages. "[A] plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint." *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir.1981). In light of Plaintiff–Appellants' failure to produce any evidence of damages, summary judgment in favor of Silver was proper.

For the foregoing reasons, the decision of the district court is AFFIRMED.