21-1796-cv
*Brock v. Zuckerberg*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

MANDELA BROCK,

> *Plaintiff-Appellant*,

> v.                                                                No. 21-1796

MARK ZUCKERBERG, in his individual and corporate capacity, FACEBOOK, INC., SHERYL K. SANDBERG, in her individual and corporate capacity,

> *Defendants-Appellees*,

JOHN DOE 1-100, in his individual capacity, JANE
DOE 1-100, in her individual capacity, SEAN PARKER,
in his individual and corporate capacity, MARK S.
PINCUS,

        *Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | MANDELA BROCK, pro se, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | ABIGAIL COLELLA (Eric A. Shumsky, *on the brief*), Orrick, Herrington & Sutcliffe, LLP, Washington, DC, *for* Mark Zuckerberg, Facebook, Inc., Sheryl K. Sandberg. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the motion to vacate is **DENIED**.

Mandela Brock, pro se, sued Facebook, Inc., Mark Zuckerberg (Facebook's founder, chairman, and Chief Executive Officer), Sheryl Sandberg (Facebook's Chief Operating Officer), and unnamed John and Jane Does, alleging that the defendants had censored him in violation of the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by removing at least thirty posts

2

from his Facebook page. He also asserted violations of the New York Constitution and unspecified federal and state laws. After the defendants moved to dismiss or, in the alternative, to transfer the case to the Northern District of California, Brock filed an amended complaint in which he added claims under the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). The defendants again moved to dismiss the amended complaint with prejudice, arguing that Brock failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and moved in the alternative to transfer based on the forum selection clause in Facebook's user agreement. The district court granted the motion to dismiss. Brock appeals. He also moves to vacate the district court's judgment based on the district court judge's disclosure, once this case was on appeal, that the judge's wife owned stock in Facebook, constituting a financial conflict of interest that may have violated 28 U.S.C. § 455. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6), "but may affirm on any basis supported by the record." *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 (2d Cir. 2014). We accept all factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor,

3

*Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015), while affording pro se litigants "special solicitude" by interpreting a complaint "to raise the strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021).

## I. Claims Related to the Removal of Facebook Posts

### A. Constitutional Claims

Brock alleges that Defendants violated his constitutional rights by removing his posts from the Facebook platform. But to bring these constitutional claims, Brock "must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks omitted). This holds true for claims under the First Amendment. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) ("[T]he Free Speech Clause prohibits only *governmental* abridgment of speech.").

Brock's amended complaint made two principal arguments as to why the removal of his Facebook posts constituted state action: (1) Facebook was a publicly held company; and (2) Facebook was the equivalent of a "public square" or "public forum." *See* App'x at 79, 93 (emphasis omitted). Although Brock alleged some

4

facts, construed liberally, as to his first argument, it clearly fails as a matter of law. "The management of a corporation is not a public function; and a state's permission for a corporation to organize itself in a particular manner is not the delegation of governmental authority." *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003). As to Brock's assertion that Facebook is a public square, he failed to make any non-conclusory factual allegations to support that claim. Instead, the amended complaint merely repeats the legal conclusion that Facebook is a public forum and public square. While we construe pro se complaints liberally, legal conclusions "must be supported by factual allegations," *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (internal quotation marks omitted). None of Brock's conclusory allegations "nudged" his claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his opposition to the motion to dismiss, Brock conclusorily asserted for the first time that Facebook is a state actor because it performs the traditional public function of delivering mail. Brock did not raise this argument on appeal or challenge the district court's conclusion that he cannot "avoid the state action question" by analogizing "Facebook's provision of an online messaging service to

5

the government's traditional provision of mail services through the United States Postal Service," App'x at 188–89. It is well settled in the Second Circuit "that issues not discussed in an appellate brief will normally be deemed abandoned." *Beatty v. United States*, 293 F.3d 627, 632 (2d Cir. 2002); *see also Cruz v. Gomez*, 202 F.3d 593, 596 n.3 (2d Cir. 2000) ("When a litigant – including a *pro se* litigant – raises an issue before the district court but does not raise it on appeal, the issue is abandoned."). And although "[a]n abandoned claim may nevertheless be considered if manifest injustice would otherwise result," *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 117 (2d Cir. 2002), such circumstances are not present here; Brock's complaint and opposition below is devoid of any facts that would support a conclusion that Facebook has assumed a heretofore exclusively public function.

The district court therefore did not err in dismissing Brock's constitutional claims against Defendants.

## B. Unspecified Federal and State Claims

Brock also alleged violations of unspecified "federal and state laws" based on Facebook's removal of his posts. App'x at 79. Although Brock failed to provide any detail about these additional claims beyond this brief mention, the district court determined that any such claims would be barred by section 230(c)(1) of the

6

Communications Decency Act, 47 U.S.C. § 230(c)(1). We think it unnecessary, however, to reach these unspecified claims. While we construe pro se complaints liberally, a pro se complaint must nonetheless "state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 127–28 (2d Cir. 2021). Here, the causes of action listed in Brock's complaint regarding Facebook's removal of his posts are based on constitutional violations (primarily, a violation of his right to free speech), which we have already addressed. Moreover, at oral argument, Brock conceded that he was not alleging additional causes of action beyond his constitutional and RICO claims. We therefore decline to address any additional claims theoretically raised by his fleeting mention of "federal and state laws."

## II. RICO Claims

The district court likewise did not err in dismissing Brock's RICO claims. "To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013) (internal quotation marks omitted).

Brock's RICO claims are premised on the argument that Defendants' motion to transfer the case to California was an illegal "jurisdictional shell game." Brock's

7

Br. at 20. Brock asserts that Defendants sought transfer in order to "obfuscat[e] jurisdiction" and "obstruct the jurisdiction of the New York State courts." *Id*. at 20–21. The only facts alleged in support of this theory are that Facebook is incorporated in Delaware, headquartered in California, and "registered to do business in New York," App'x at 82; and that Defendants moved to transfer the case to California.

This theory necessarily fails, however, because "litigation activity alone cannot constitute a viable RICO predicate act" where the allegations are merely of "frivolous, fraudulent, or baseless litigation activities – without more[.]" *Kim v. Kimm*, 884 F.3d 98, 104–05 (2d Cir. 2018). Despite what Brock may suspect about Facebook's motives in transferring the case, its motion to transfer – which was based on a forum selection clause in its user agreement – does not constitute "racketeering activity." This is true even though Facebook sought to transfer litigation out of a state in which it does business.

Moreover, other than allegations concerning the motion to transfer, Brock fails to allege facts supporting *any* violation – let alone repeated violations – of the various statutes he cites as predicate RICO acts. He does not allege facts showing fraud with the purpose of obtaining Brock's "money or property" as required by

8

18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud); an illegal gambling business as required by 18 U.S.C. § 1511; threats to jurors or judicial officers as required by 18 U.S.C. § 1503(a); interference with commerce, through robbery or extortion, as required by 18 U.S.C. § 1951; or inappropriate use of "access devices" as required by 18 U.S.C. § 1029.

Accordingly, Brock's RICO claims were properly dismissed.

## III. Motion to Vacate

Finally, Brock moves to vacate the district court's decision based on 28 U.S.C. § 455, which requires judges to recuse themselves from overseeing certain proceedings based on the existence or appearance of bias or impropriety. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(4) states that a judge "shall" be disqualified when "[h]e knows that he, individually, . . . or his spouse . . . , has a financial interest . . . in a party to the proceeding[.]" *Id.* § 455(b)(4). While section 455(b)(4) has an actual knowledge requirement and "provides a bright line . . . [indicating that] an equity financial interest of any size is disqualifying," section 455(a) "governs circumstances that constitute an appearance of partiality,"

9

even if actual "partiality" has not been established. *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). Under section 455(a), a district court judge is disqualified based on the appearance of partiality from financial interests "when a reasonable person would conclude that a judge was violating Section 455(b)(4)." *Id.* at 128.

The record reflects that Judge Liman did not know of his wife's Facebook stock ownership until after he issued a judgment in this case. He therefore would not have been required to recuse himself under section 455(b)(4). This does not, however, foreclose a section 455(a) violation, *In re Certain Underwriter*, 294 F.3d 297, 305 (2d Cir. 2002), since a judge's lack of knowledge of a disqualifying circumstance "does not eliminate the risk that his impartiality might reasonably be questioned," thereby undermining "public confidence in the integrity of the judicial process," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988) (internal quotation marks omitted).

But even if Judge Liman's failure to recuse in light of his wife's stock ownership in Facebook constituted a section 455(a) violation, vacatur is not warranted here. When section 455 violations are raised on direct appeal, we consider the following factors to determine whether vacatur is warranted: "the

risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864; *see also United States v. Amico*, 486 F.3d 764, 777 (2d Cir. 2007) (holding that the *Liljeberg* test – established in the context of a Rule 60(b) motion – applies to review on direct appeal).

Here, the second and third factors weigh in favor of vacatur. "[W]illingness to enforce § 455 may prevent a substantive injustice in some future case by encouraging a judge . . . to more carefully examine possible grounds for disqualification[.]" *Liljeberg*, 486 U.S. at 868. And public confidence in the judicial process is increased by rigorous compliance with the statute.

Nonetheless, "[t]here need not be a draconian remedy for every violation of § 455(a)," and "there is surely room for harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance." *Id.* at 862. Here, the first factor weighs heavily against vacatur because the risk of injustice to the parties is exceedingly low. Judge Liman dismissed Brock's claims as a matter of law under Rule 12(b)(6) for failure to state a claim, and we review the question whether plaintiff has alleged a legally sufficient claim anew, without any deference to Judge Liman's assessment. As explained above, we have already

11

concluded that the district court did not err in granting the motion to dismiss, which was warranted given the obvious deficiencies in Brock's pleadings. Ultimately, weighing the three *Liljeberg* factors, we conclude that vacatur is unwarranted in this case and therefore deny the motion to vacate.

We have considered all of Brock's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court and **DENY** the motion to vacate.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12