16-1664-pr
*Mayo v. Lavis, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand seventeen.

PRESENT:  AMALYA L. KEARSE,
  GUIDO CALABRESI,
  JOSÉ A. CABRANES,
  *Circuit Judges.*

---

WILSON MAYO,

| | |
|---|---|
| *Plaintiff-Appellant*, | 16-1664-pr |

v.

SGT. J. LAVIS, J. COLLIER, S. KELLY, and BOUGHKITE,

*Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**    Wilson Mayo, *pro se*, Cape Vincent, NY.

**FOR DEFENDANTS-APPELLEES:**    Patrick Woods, Assistant Solicitor General (Andrea Oser, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *on the brief*), *for* Eric T.

---

[*] The Clerk of Court is directed to amend the caption as shown above.

1

Schneiderman, Attorney General of the
State of New York, Albany, NY.

Appeal from a May 13, 2016 judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Wilson Mayo, proceeding *pro se*, appeals from a May 13, 2016 judgment for defendants-appellees Shawn Kelly, James Collier, "J." Lavis, and David Boughkite,[1] who were correctional officers at the Attica Correctional Facility.[2] Mayo alleged claims under 42 U.S.C. § 1983 for excessive force and violations of his due process rights. On May 12, 2016, the District Court granted summary judgment to the defendants on various grounds, including that Mayo failed to exhaust his administrative remedies for his excessive force claim against Kelly, that collateral estoppel barred Mayo's due process claims against Collier and Lavis, and that the defendants were entitled to qualified immunity. Mayo now timely appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e review de novo a [district court's] grant of summary judgment under Rule 56 [of the Federal Rules of Civil Procedure], construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). "Summary judgment is required where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). Although the evidence is viewed in favor of the non-moving party, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal alterations and quotation marks omitted). It is insufficient to "rely on conclusory allegations or unsubstantiated speculation" to defeat a motion for summary judgment. *Id.* (internal quotation marks omitted).

---

[1] Mayo's pleadings and other papers in the proceedings below misspell this officer's name, which is Buchheit.

[2] Mayo has presented no arguments in his briefs supporting his claims against James Conway, which the District Court dismissed at the pleadings stage. Mayo has therefore forfeited his claims against Conway. *See Beatty v. United States*, 293 F.3d 627, 632 (2d Cir. 2002).

## I. Claims Against Kelly

Mayo challenges the District Court's grant of summary judgment on his claim that defendant Kelly used excessive force against him after he had been in the prison's visiting room. We reject his challenges because Mayo failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The PLRA requires "proper exhaustion," meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The New York State Department of Corrections and Community Supervision requires that prisoners file a grievance within 21 days of an alleged incident. *Williams v. Priatno*, 829 F.3d 118, 119 (2d Cir. 2016) (citing N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(a)(1)).

Here, Mayo concedes that he never filed a complaint against Kelly using this procedure. He only appealed the result of his disciplinary hearing, which did not address or resolve this excessive force claim. *See Davis v. Barrett*, 576 F.3d 129, 132 (2d Cir. 2009) (prisoner exhausted remedies for due process claims by completing appeal procedures for disciplinary hearing, but that appeal "could not be the basis for an additional grievance").

Mayo also cannot avail himself of any exceptions to the exhaustion requirement. Whatever exceptions may remain available after the Supreme Court's decision in *Ross v. Blake*, 136 S. Ct. 1850, 1856–58; *see also Williams*, 829 F.3d at 123–24 (quoting *Ross*, 136 S. Ct. at 1859–60), Mayo presents no evidence indicating that any of these apply to his situation.

Mayo next argues that the District Court failed to address his retaliation claim against Kelly for writing a false misbehavior report and falsely testifying during Mayo's disciplinary hearing. Even if we construe Mayo's complaint as alleging a retaliation claim, such a claim is also barred by Mayo's failure to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a).

## II. Due Process Claims Against Lavis and Collier

Mayo also challenges the grant of summary judgment to Lavis and Collier on his due process claims. Mayo, however, failed to challenge in his brief the District Court's determination that collateral estoppel barred his due process claims. Accordingly, he has abandoned this issue on appeal and, as such, his due process claims against Lavis and Collier remained barred by collateral estoppel. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Even assuming that Mayo had made a proper challenge, the District Court correctly determined that he was collaterally estopped from raising his due process claims. "Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). For the doctrine to apply, a party must show that "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* at 288–89 (internal quotation marks omitted). When a prisoner previously litigated a due process challenge to a prison disciplinary hearing in an Article 78 proceeding in New York state court, he is collaterally estopped from relitigating the claims unless he bases the claims on evidence that was not considered by the reviewing state court. *Giakoumelos v. Coughlin*, 88 F.3d 56, 59–61 (2d Cir. 1996).

In his Article 78 petition in New York state court, Mayo challenged his hearing on the basis that (1) Lavis failed to hear the testimony of the visiting room officers and the officer who conducted the pre-visitation frisk, that (2) Collier failed to properly assist him, and that (3) Lavis was biased against him. *Matter of Mayo v. Fischer*, 918 N.Y.S.2d 676, 677 (3d Dep't 2011). The Third Department determined that Mayo's challenges were meritless. *Id.* Here, Mayo asserts that Lavis and Collier violated his due process rights on the same grounds, but offers no new evidence that was not considered by the Third Department. Mayo is thus collaterally estopped from raising his due process claims against Lavis and Collier.

## III. Procedural Error

Mayo argues that the District Court improperly granted summary judgment without a report and recommendation from a magistrate judge. A report and recommendation, however, is not required for a district court to rule on a summary judgment motion. Magistrate judges may only consider dispositive motions, such as summary judgment, when the district court judge specifically designates them to do so. 28 U.S.C. § 636(b)(1). Although a magistrate judge was assigned to this case, the magistrate judge was not designated to, and thus was not empowered to, consider any dispositive motions. There was thus no error.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Mayo on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 13, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4