Waters v. Melendez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

Keith Waters,

> *Plaintiff-Appellant*,

v.                                                                                    18-1970

Sergeant A. Melendez, Coxsackie Correctional Facility, Muschett, Correctional Officer,

> *Defendants-Appellees*,

Lieutenant Sheridan, Coxsackie Correctional Facility, Eric Gutwein, CHO Hearing Officer, Coxsackie Correctional Facility, A. Prack, Director of SHU/Inmate Disciplinary Program of the Department of Corrections and Community Supervision ("DOCCS"), Corey Bedard, FKA CB, Scott Lamphere, FKA SL, Opal Rivera, FKA OR,

> *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                          Keith Waters, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:                    Barbara D. Underwood, Solicitor
                                             General, Andrea Oser, Deputy
                                             Solicitor General, Allyson B. Levine,
                                             Assistant Solicitor General, *of
                                             Counsel*, Letitia James, Attorney
                                             General, State of New York, Albany,
                                             NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Keith Waters, proceeding pro se, appeals the district court's grant of summary judgment in favor of Sergeant A. Melendez and Correctional Officer Muschett with respect to Waters's 42 U.S.C. § 1983 claims. Waters alleged that Melendez retaliated against him for engaging in activities protected by the First Amendment by filing a misbehavior report falsely accusing Waters of disobeying a direct order and accepting compensation for legal services he provided to other inmates. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," which in turn "demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The New York State Department of Corrections and Community Supervision ("DOCCS") generally requires that prisoners file a complaint within 21 days of an alleged incident. *Williams v. Priatno*, 829 F.3d 118, 119 (2d Cir. 2016) (citing N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(a)(1)). Here, the undisputed evidence showed that Waters failed to file a grievance related to the events underlying this action.

Prisoners are exempt from the exhaustion requirement when administrative remedies are "unavailable." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative remedy is unavailable when (1) "'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'"; (2) it is "'so opaque that it becomes, practically speaking, incapable of use'"; or (3) "'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Williams*, 829 F.3d at 123–24 (quoting *Ross*, 136 S. Ct. at 1859–60); *see also id.* at 123 n.2 (suggesting this list may not be exhaustive).

Waters principally argues that administrative remedies were unavailable to him because prison officials deliberately withheld evidence showing that he had been retaliated against, thus thwarting him from filing a timely grievance. DOCCS regulations permit inmates to request an exception to the 21-day time limit for filing a grievance, but such requests "may not be granted if the request was made more than 45 days after an alleged occurrence." N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(g)(1)(i)(a). Because the relevant evidence was withheld for more than two

months after Melendez filed the misbehavior report, Waters argues that he did not even have an opportunity to request an exception.

We disagree. The record makes clear that Waters was aware of the alleged evidence that he used to support his retaliation claim when he received Melendez's misbehavior report, shortly after the report was drafted and well within the time to file a grievance. For example, Waters alleged that Melendez made comments to him about his prior complaints, warned him against assisting disfavored inmates, and told Waters that he would be "all over" him and "get rid of" him prior to issuing the misbehavior report. Waters also alleged that Melendez asked him about charging for legal assistance, in what Waters believed was an attempt to "set [him] up," prior to the report.

By contrast, the evidence that was allegedly withheld from Waters added nothing to support his retaliation claim. Muschett did not contradict the misbehavior report but testified only that he was not personally aware that Waters had accepted compensation for legal services. And while Waters argues that he lacked "access" to the inmate from whom he allegedly accepted compensation, such access would have been unnecessary given Waters's personal knowledge that the allegations in Melendez's report were false. Furthermore, Waters's contention that he belatedly learned of the misbehavior report's omission of the date of his alleged infraction is irrelevant to his retaliation claim.

Finally, to the extent that Waters suggests that his claim was not grievable, or that his only opportunity to raise the claim was through his disciplinary proceedings, we disagree as well. DOCCS regulations provide that "an individual decision or disposition resulting from a

4

disciplinary proceeding . . . is not grievable." N.Y. Comp. Codes R. & Regs. tit. 7, § 701.3(e)(2).

But the retaliatory filing of a false misbehavior report plainly does not qualify as such a "decision or disposition." *Cf. Mayo v. Lavis*, 689 F. App'x 23, 25 (2d Cir. 2017) (holding that inmate failed to exhaust remedies for retaliation claim based on filing of allegedly false misbehavior report where inmate appealed result of disciplinary hearing but did not file grievance). Moreover, even if Waters's only opportunity to raise his retaliation claim were through his disciplinary proceedings, he did not do so here. Waters raised an unrelated retaliation claim in his appeal of the disciplinary hearing, but he did not argue that Melendez retaliated against him by filing a false misbehavior report.

We have considered all of Waters's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5